UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRENT SOLOMON,            )
                          )
        Plaintiff,        )
                          )
    vs.                   )   No. 4:07-CV-472 (CEJ)
                          )
JOEL ENGEL,               )
                          )
        Defendant.        )

**ORDER**

This matter is before the Court on defendant's motion to dismiss plaintiff's first amended complaint for improper venue pursuant to Fed.R.Civ.P. 12(b)(3) or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a) to the Northern District of Illinois. Plaintiff opposes the motion and the issues have been fully briefed. On June 26, 2007, the Court held an evidentiary hearing at which defendant provided additional testimony.[1]

Plaintiff Brent Solomon purchased a life insurance policy from defendant Joel Engel. Plaintiff alleges that the insurance policy was an unsuitable investment. He further alleges that defendant falsely represented that he was licensed to sell securities in the state of Missouri. He asserts claims for breach of fiduciary duty and fraud. Defendant Engel asserts that plaintiff's claims arose in Illinois and that venue in the Eastern District of Missouri is therefore improper under 28 U.S.C. § 1391.

---

[1]The plaintiff, who arrived more than an hour late to the hearing, was not permitted to testify because his attire (shorts and flip-flops) was inappropriate for attending court.

I.  **Background**

Plaintiff, a Missouri resident, alleges that, in 2001, defendant "called the plaintiff and presented himself as a licensed agent for investment services in the State of Missouri." Plaintiff alleges that he purchased an insurance policy from defendant in January 2002. In his amended complaint, plaintiff alleges that he signed the policy application and agreement in the City of St. Louis, Missouri. In a declaration submitted in opposition to defendant's motion to dismiss, plaintiff states that he "was in the City of St. Louis, State of Missouri when [he] bought the life insurance policy from Joel Engel" and that the "sale and purchase of the subject insurance policy took place in the City of St. Louis, State of Missouri."

Defendant, who resides and works in Illinois, testified that all of his acts or omissions relevant to the parties' dispute occurred in Illinois. According to defendant, his first contact with plaintiff occurred in November 2000 when he received a phone call from plaintiff. The parties arranged to meet in Chicago, Illinois and, on December 27, 2000, defendant picked plaintiff up at the Chicago airport. They then had a lunch meeting at which they discussed an employee benefit plan and life insurance policy that plaintiff was interested in purchasing. Defendant asserts that he specifically informed plaintiff that he is not licensed to sell securities in Missouri.

The record contains a copy of an application from Sunset Life for insurance on behalf of plaintiff. The application lists

plaintiff as the proposed insured, "Total Welfare Benefit Fund" as the policy owner, and Bruce Miller as the trustee for the owner. The last page of the application includes the following statement:

> AUTHORIZATION: I (We) authorize the following to give information . . . to Sunset Life or any person or group acting on the part of Sunset Life . . . I (we) understand that this information will be used by Sunset Life to determine eligibility for insurance. . .
>
> Dated at <u>Chicago, IL.</u> this <u>27th</u> day of <u>December, 2000</u>.

The underlined words are handwritten on the form. Below this statement are the signatures of plaintiff and Bruce Miller. Defendant and another agent signed at the bottom of the page, below the heading "Statement of Agent."

Defendant testified that, at the lunch meeting on December 27, 2000, he read aloud to plaintiff the questions in the application and wrote in plaintiff's answers. Plaintiff then signed the application in defendant's presence. According to defendant, after the meeting, plaintiff mailed him a check for $39,000. In January 2001, defendant signed the application and mailed it and the check to Total Welfare Benefit Fund in Texas, where Miller signed the application and submitted it to Sunset Life.

## II. Discussion

In a diversity case such as this, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). In determining whether venue is proper, courts do not ask which among two or more potential forums is the best venue, but

whether the district chosen by the plaintiff has a substantial connection to the claim. Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 563 (8th Cir. 2003). In making this determination, a court should focus on relevant activities of the defendant, not of the plaintiff. Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995) (one "central purpose" of statutory venue is to ensure that defendant is not "haled into a remote district having no real relationship to the dispute.") (citation omitted).

The evidence in this matter establishes that defendant undertook all actions or omissions relevant to this dispute in the Northern District of Illinois. In his declaration, plaintiff does not deny that he met with defendant in Chicago signed the insurance application there. Instead, he makes only vague and conclusory assertions about being in St. Louis when he "bought" the policy and about St. Louis being the place where the "sale and purchase" of the policy occurred. These assertions are insufficient to establish that defendant should be haled into court in this district. Having determined that venue is improper in this district, the Court may dismiss the action, "or if it be in the interest of justice," transfer it to a district in which venue is proper. 28 U.S.C. § 1406(a). The Court believes that transfer is appropriate in this case.[2]

---

[2]Defendant alternatively seeks relief under 28 U.S.C. § 1404(a), which permits transfer "[f]or the convenience of parties and witnesses." This section applies only when the place where venue is laid is proper but inconvenient. 4 Charles Alan Wright &

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motions to transfer this action [Doc. #5, Doc. #13] are **granted.** The defendant's alternative requests to dismiss for improper venue are **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transfer this action to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 1406(a).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of July, 2007.

---

Arthur R. Miller, Federal Practice & Procedure, § 1063 (3d ed. 2002). Because the Court has determined that venue was not proper in this district in the first case, it is unnecessary to address defendant's arguments regarding convenience.